IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

CRISTHIAN ADRIAN ORTEGA-LOPEZ,

Defendant.

Case No. 2:25-mj-00330-DLM

### ORDER DENYING SECOND OPPOSED EMERGENCY MOTION TO DETAIN MATERIAL WITNESS

THIS MATTER is before the Court on Defendant Cristhian Adrian Ortega-Lopez's Second Opposed Emergency Motion to Detain Material Witness, filed March 21, 2025. ECF No. 23. The Court held a hearing on the Motion March 24, 2025. See ECF No. 26. For the reasons that follow, the Court will DENY the Motion.

**I.      Background**

On March 3, 2025, the Government filed a Criminal Complaint accusing Defendant of unlawful possession of a firearm and/or ammunition by an alien who is illegally or unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5). ECF No. 1.

On March 21, 2025, Defendant filed an Emergency Motion to Detain Material Witness pursuant to 18 U.S.C. § 3144. ECF No. 19. Therein, Defendant requested the Court to detain two individuals—Effren Montilla-Castillo and Juan Manuel Acevedo-Leon, who, at the time, were detained at the Otero County Immigration Center—because "the testimony of these witnesses appears to be material[,]" and because Mr. Montilla-Castillo was scheduled to be deported "in the next 12 hours[.]" Id. at 1.

Later the same day, United States Magistrate Judge Damian L. Martinez issued an Order denying the Motion because (1) "Defendant fails to state . . . what testimony these deponents would

likely offer[,]" ECF No. 21 at 1, and (2) "Defendant fails to comply with this district's local rules, which require the movant to 'determine whether a motion is opposed[,]'" id. (citing D.N.M.LR-Cr. 47.1).  However, Judge Martinez provided Defendant leave to "correct the errors noted above and refile the motion for United States District Judge Margaret Strickland's review[.]"  Id.

Still later on March 21, 2025, Defendant filed the instant Second Opposed Emergency Motion to Detain Material Witness ("Motion").  ECF No. 23.  Therein, Defendant argues that under 18 U.S.C. § 3144 he "is not required to disclose what material testimony potential deponents would offer[,]" id. at 1, but asserts that "Mr. Montilla-Castillo and Mr. Acevedo-Leon would provide testimony regarding [Defendant's] handling of any firearms and whether those firearms were, in fact, real[,]" id. at 2.  Defendant requests that the Court detain Mr. Montilla-Castillo and Mr. Acevedo-Leon for thirty days so that defense counsel may depose them.  Id.

Defendant attached to the Motion the affidavit of his defense attorney, Chaz Rotenberg, which states that "[b]oth Mr. Montilla-Castillo and Mr. Acevedo-Leon have information that is material in Mr. Ortega-Lopez's criminal proceeding[,] id. at 3 ¶ 4, but does not disclose the contents of that information.

On March 24, 2025, the Court held a hearing on the Motion.  See ECF No. 26.  During the hearing, the Government informed the Court that one of the potential witnesses had been removed from the United States, and that the other was still in the United States waiting to see an immigration judge.  Id. at 1.  After hearing the Parties' arguments, the Court took the matter under advisement.

**II.   Discussion**

Title 18, United States Code, section 3144, titled "[r]elease or detention of a material witness[,]" provides in its entirety:

2

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.  Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  "Therefore, an application for a material witness warrant under § 3144 must establish probable cause to believe that (1) the witness's testimony is material, and (2) it may become impracticable to secure the presence of the witness by subpoena."  United States v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003).  "The materiality determination called for by § 3144 lies within the district court's competence."  Id. at 62.

Here, Defendant has provided the affidavit of defense counsel, Chaz Rotenberg, who vaguely asserts that "[b]oth Mr. Montilla-Castillo and Mr. Acevedo-Leon have information that is material in Mr. Ortega-Lopez's criminal proceeding."  ECF No. 23 at 3 ¶ 4.  The affidavit contains no further information regarding Mr. Montilla-Castillo and Mr. Acevedo-Leon's potential testimony.

The Court finds that Defendant has failed to establish probable cause to believe that the witnesses' testimony is material.

3

## III.   Conclusion

Therefore, Defendant's Second Opposed Emergency Motion to Detain Material Witness, ECF No. 23, is **DENIED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE