THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.                                             Case No. 2:25-mj-00330-DLM

**CRISTHIAN ADRIAN ORTEGA-LOPEZ,**

    **Defendant.**

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DENY GOVERNMENT'S MOTION TO RECONSIDER AND VACATE DETENTION HEARING

Defendant, Cristhian Adrian Ortega-Lopez, through counsel of record Chaz Rotenberg and Gia McGillivray, Assistant Federal Public Defenders, submits this reply in further support of his Opposed Motion to Deny Government's Motion to Reconsider and Vacate Detention Hearing (Doc. 34).

### I.   INTRODUCTION

1. Reconsideration of a detention hearing is appropriate only where new information was known or reasonably available to the movant at the time of the initial detention hearing. See *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

2. The Government does not meet its burden under 18 U.S.C. § 3142(f) to reopen the detention proceedings because the key evidence it presents—data extracted from Defendant's cell phone—was within its possession, custody, and control before the detention hearing on March 14, 2025. The extraction reports from the Defendant's cell phone reveal that extraction began and ended on **March 12, 2025.** (Ex. 6.) This

information directly contradicts the representations from the Government's response. (*See* Doc. 35.)

3. Even if this Court were to accept the Government's representation that the cell phone extraction occurred on the same day as the initial detention hearing and that the case agent did not physically examine the cell phones until after extraction was complete, § 3142(f) hinges on what was available to the Government at the detention hearing— not when it decided to act on evidence it already had. The statutory bar on reconsideration exists to prevent precisely this kind of post-hoc strategic litigation.

4. This Court should decline to consider evidence that was available to the Government at the detention hearing, and in so doing, should deny the Government's Motion to Reconsider and vacate the detention hearing. In the alternative, the Defendant respectfully requests that the Court convert the April 30, 2025 hearing to an evidentiary hearing on the narrow issue of what information from the Motion to Reconsider constitutes "new evidence" under 18 U.S.C. § 3142(f).

## II.    THE GOVERNMENT'S RESPONSE

5. In its response, the Government states that on February 28, 2025, federal agents "seized approximately nine cellphones during the execution of the search warrant" of the Defendant's residence. (Doc. 35 at 1.) Some of these cellphones belonged to the Defendant. Upon information and belief, other cell phones belonged to his roommates, Efren Montilla-Castillo and Juan Manuel Acevedo-Leon.

6. The Government does not deny that the Defendant consented to a search of his cell phones that same day. (*See id.*; Doc. 34 ¶ 2.) In other words, the Government has had

the Defendant's cell phones in its possession, with consent to search the contents of those cell phones, since February 28, 2025.

7. The Government represents that the case agent who signed the Defendant's criminal complaint, HSI Special Agent Briana Vigil, dropped off the Defendant's cell phones to the New Mexico HIDTA Investigative Support Center on March 13, 2025, a day before the detention hearing. (Doc. 35 at 2.)

8. Upon information and belief, Special Agent Vigil was one of at least two agents who interrogated the Defendant and presented the consent to search cell phone form for him to sign on February 28, 2025. Indeed, the Government states that Special Agent Vigil "previously had physical custody of the cellphones." (*Id.*)

9. The Government further represents that the extraction process of the Defendant's cell phones "took place on March 14, 2025," and that Special Agent Vigil did not retrieve the cell phones until March 18, 2025. (*Id.*)

10. Finally, the Government represents that Special Agent Vigil "never physically examined the cellphones until after she picked them up after an extraction was completed of the cellphones." (*Id.*)

11. Based on these representations, the Government contends it "was not able to provide the Court with information from the cellphone extractions as they had not been completed and turned over to the case agent by the time of the hearing." (*Id.* at 3.) The Government claims it did not know about Exhibits 5D, 6A, 6B, 7C, 10, 11, 12a, 12b, 12c, and 12d from its Motion to Reconsider before the detention hearing because those exhibits were part of the Defendant's cellphone extraction. (*Id.*)

3

12. The Government's response does not cite to legal authority; nor does it provide any evidence to support its position. (*See* Doc. 35.) It relies on representations alone. (*See id.*)

13. Most concerning, however, the extraction reports directly contradict the Government's represented timeline. The extraction report of the Defendant's iPhone (#LS16I825LS0001) shows the following:

    a. Decoding began on **March 12, 2025**, at 4:48 PM;

    b. Extraction began on **March 12, 2025**, at 8:41 PM; and

    c. Extraction ended on **March 12, 2025**, at 10:38 PM. (Ex. 6.)

14. This iPhone, #LS16I825LS0001, is the same iPhone identified in the Government's Exhibits 5D, 6A, 6B, 7C, 10, 11, 12a, 12b, 12c, and 12d from its Motion to Reconsider. (*See* Doc. 32.)

15. In other words, the Government extracted the data two days before the detention hearing and two days before it represents extraction "took place." (Doc. 35 at 2.) Additionally, it is inconceivable that Special Agent Vigil "dropped off" the Defendant's cell phones on "March 13, 2025"—as the Government represents—because the extraction began an ended a day earlier, on March 12, 2025. (*Id.*; Ex. 6.)

16. A hearing is necessary to resolve these factual disputes.

### III.   ARGUMENT

17. The Bail Reform Act allows reconsideration of an order of a defendant's detention or release only if there is information that "*was not known to the movant at the time of hearing*" and that "has a material bearing" on the factors set forth in 18 U.S.C. § 3142(g). 18 U.S.C. § 3142(f) (emphasis added).

18. The 10th Circuit strictly construes § 3142(f) such that the information the movant presents must be genuinely new and not merely a recharacterization or verification of previously available facts. *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("[o]nly new information justifies reconsideration"); *United States v. Alderete*, 336 F.R.D. 240, 264 (D.N.M. 2020) (Browning, J.). Information that was available to the movant or could have been presented at the initial detention hearing does not qualify as "new information" under this standard. *See, e.g.*, *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (holding that movant's proffered testimony from family members was not "new information" within the meaning to § 3142(f)); *United States v. Ward*, 235 F. Supp.2d 1183, 1185 (N.D. Okla. 2002) (in denying a motion to reopen the issue of pretrial detention, observed that proffered information about [movant's] background was known at the time of the detention hearing); *United States v. Zamorano*, No. 1:19-cr-00531-WJM, 2020 U.S. Dist. LEXIS 63641, at *15 (D. Colo. Apr. 10, 2020) (finding that a movant's verified release plan was not new information).

19. The strict reading of § 3142(f) exists to prevent repetitive detention proceedings or judge shopping by a party. *See United States v. Anaya*, 376 F. Supp. 2d 1261, 1263 (D.N.M. 2005) (Browning, J.) ("This straightforward reading of the statute serves the salutary purpose of preventing "judge shopping" by either party and prevents magistrate judges from being placed in the uncomfortable position of second-guessing their fellow magistrate judges, or district judges of second-guessing magistrates with information that the magistrates did not have."); *United States v. Alderete*, 336 F.R.D. 240, 273 (D.N.M. 2020) (finding same); *United States v. Parks*, 670 F. Supp. 3d 1263, 1269 (N.D. Okla. 2023) (finding same).

20. A movant cannot withhold evidence through inattention or tactical decision-making, then later use § 3142(f) as a vehicle to relitigate detention.

21. In this case, the Government, as the movant, bears the burden of establishing both elements of § 3142(f): (1) that the information was genuinely unknown at the time of the initial hearing, and (2) that it materially affects the detention factors set forth in § 3142(g).

22. The Defendant refutes the Government's representation that "the extraction process took place on March 14, 2025" and that Special Agent Vigil "dropped off" the cell phones on March 13, 2025. (*See* Doc. 35 at 2.) The extraction reports for the Defendant's cell phone show that extraction began and ended on March 12, 2024—two days before the detention hearing. (Ex. 6.)

23. Even if the Government asserts that extraction was not complete until after the hearing commenced, these critical facts remain:

    a. The Defendant consented to the search of his cell phones on the day of his arrest and seizure of the cell phones, February 28, 2025; and

    b. The Government's case agent had physical possession of the Defendant's cell phones for more than two weeks before the detention hearing on March 14, 2025.

24. That is, the Government had possession, lawful authority to search, and access to initiate or complete the extraction well before the detention hearing. Under these circumstances, which the Government represents, the cell phone data was still available to the Government prior to the hearing.

25. The concept of "constructive knowledge"—what a party knew or reasonably could have known—is well-established in related contexts. *See, e.g.*, *McCormick v. Parker*, 821 F.3d 1240, 1247 (10th Cir. 2016) (holding any material evidence held by an agent acting on the prosecutor's behalf is deemed known to the prosecutor); *Avila v. Quarterman*, 560 F.3d 299, 307 (5th Cir. 2009) ("It is well settled that if a member of the prosecution team has knowledge of *Brady* material, such knowledge is imputed to the prosecutors."); *United States v. McCluskey*, No. 10-CR-2734 JCH, 2012 U.S. Dist. LEXIS 198245, at *6 (D.N.M. May 11, 2012) (finding "[t]he onus is on the prosecution to "gauge the likely net effect of all such evidence and make disclosure when the point of 'reasonable probability' is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'"") (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)).  While these cases arise under different legal standards, they reinforce that when evidence is in the possession of law enforcement and accessible to the prosecution, the Government cannot feign ignorance to avoid procedural bars.

26. To the extent that the Government presents any genuinely new facts, reopening the detention hearing may be appropriate—but only to those new facts that meet the standard under § 3142(f).  (*See* Doc. 35, fn. 1 ("The United States may have additional evidence to present at the hearing depending on the timing of the return of additional legal process that is currently pending.").)

27. The extracted cell phone data is the core component of the Government's Motion to Reconsider.  (*See* Doc. 35 at 3 (stating that Exhibits 5D, 6A, 6B, 7C, 10, 11, 12a, 12b, 12c, and 12d of its Motion to Reconsider come from cell phone extraction data).)

28. Because that information does not meet the § 3142(f) standard, the Government's Motion to Reconsider should be denied and the detention hearing set for April 30, 2025, should be vacated.[1]

29. Allowing a wholesale reopening of the detention hearing under these circumstances would undermine the careful balancing of § 3142(f), contradict the 10th Circuit's precedent, and incentivize the Government to strategically delay the presentation or preparation of evidence that is relevant to detention in future proceedings for other defendants.

### IV.   CONCLUSION

In consideration of the above, the Defendant reasserts its request that the Court deny the Government's Motion to Reconsider and vacate the detention hearing set for April 30, 2025.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main, Suite 400
Las Cruces, NM 88001
(575) 527-6930

**Electronically filed (April 22, 2025)**
By: */s/ Chaz Rotenberg*
Chaz Rotenberg
Assistant Federal Public Defender

Gia McGillivray
Assistant Federal Public Defender

---

[1] As stated in Paragraph 7 of the Defendant's motion: "In the alternative, the Defendant respectfully requests that the Court convert the April 30, 2025 hearing to an evidentiary hearing on the narrow issue of what information from the Motion to Reconsider constitutes "new evidence" under 18 U.S.C. § 3142(f)."